20-1845
Lalvay-Lalvay v. Garland

BIA
Segal, IJ
A206 838 242

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

ANDRES LALVAY-LALVAY,
> *Petitioner,*

v.                                          20-1845
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Michael Borja, Jackson Heights,
                           NY.

FOR RESPONDENT:            Brian M. Boynton, Acting Assistant
                           Attorney General; Stephen J.

Flynn, Assistant Director; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Andres Lalvay-Lalvay ("Lalvay"), a native and citizen of Ecuador, seeks review of a May 27, 2020, decision of the BIA denying his motion to remand and affirming a June 8, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lalvay-Lalvay,* No. A206 838 242 (B.I.A. May 27, 2020), *aff'g* No. A206 838 242 (Immig. Ct. N.Y. City June 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's "legal conclusions *de novo,* and its factual findings, including adverse credibility determinations, under the substantial evidence standard."

*Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). The agency reasonably concluded that Lalvay was not credible as to his allegations of past persecution on account of either his political opinion or sexual orientation and that the country conditions evidence did not establish a pattern or practice of persecution of gay men.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to

3

the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Lalvay alleged that he was harmed by members of the Movimiento Popular Democratico("MPD") party on account of his support for his cousin's mayoral campaign for the opposing Pachakutik Party, and that he had been bullied and harassed based on his sexual orientation. He has never disputed that the agency accurately described the record and that, absent some explanation beyond that presented at his hearing, the inconsistencies that the agency identified in the record provide substantial evidence for its adverse credibility determination. These issues are thus waived.[1] *See Norton v.*

---

[1] We disagree with the Government's assessment that Lalvay waived any challenges to the adverse credibility determination, and with the Government's and the BIA's assessment that Lalvay waived withholding of removal and CAT relief. Lalvay preserved arguments that his psychological conditions explained the inconsistencies, and he was not required to separately argue his withholding and CAT claims

*Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Lalvay's testimony and other evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lalvay's oral and written statements that his cousin lost the election to the MDP and did not hold any office contradicted letters from his mother, the cousin, and an attorney asserting that his cousin won a Vice Mayor seat by a large margin. The agency was not required to credit Lalvay's explanation that he did not know the outcome because Lalvay initially identified the wrong outcome and his cousin's letter asserted that Lalvay had a leadership role in the campaign. The Court defers to an agency's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008; *accord Hong*

because the IJ denied all forms of relief on the same grounds.

5

*Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). (Lalvay's hearing testimony also contradicted his statements at his credible fear interview as to when he began supporting the Pachakutik Party, when MPD members chased him through a marketplace, and whether he ever saw two men again after they sexually harassed him.)

These inconsistencies provide substantial support for the adverse credibility determination because they call into question Lalvay's political activities and his only allegation of physical abuse based on his sexual orientation. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (upholding adverse credibility determination based on "a material inconsistency in an aspect of [the petitioner's] story that served as an example of the very persecution from which he sought asylum"); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

The BIA did not abuse its discretion in denying Lalvay's motion to remand for further consideration of credibility

based on new evidence because the party moving for reopening has "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in h[is] case." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (2d Cir. 1988)).  The psychologist's report diagnosed Lalvay with major depressive disorder and post-traumatic stress disorder and opined that he had an impaired ability to communicate clearly and report an accurate timeline or dates of his experiences.  The BIA reasonably concluded that Lalvay had not carried his burden to show that this evidence was likely to alter the outcome, because he did not explain how his symptoms caused the discrepancies between his written declaration and other documentary evidence and the inconsistencies related to whether certain events occurred, not just to the timeline of events.

Because the agency found Lalvay credible as to his sexual orientation, Lalvay could still establish eligibility for relief by establishing an "objectively reasonable" fear of future persecution on that basis.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Absent credible evidence

7

of his own particular circumstance, however, he had to show a "pattern or practice" of persecution of gay men. 8 C.F.R. § 1208.13(b)(2)(iii); *Jian Liang v. Garland,* 10 F.4th 106, 117 (2d Cir. 2021); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). He did not meet that burden.

The record reflects that Ecuadorian law prohibits hate crimes and discrimination based on sexual orientation, although such discrimination persists. It describes a significant cultural divide between older Ecuadorians, and a more accepting younger generation that came of age following the 1997 legalization of homosexuality and other significant legal changes for gay Ecuadorians. This record does not compel the conclusion that discrimination against gay Ecuadorians, even if widespread, is so pervasive and extreme as to amount to persecution. *Cf. In re A-M-*, 23 I. & N. Dec. at 741–42 (finding no pattern or practice where violence was at hands of private actors and country conditions evidence referred to "instances of discrimination and harassment" (quotation marks omitted)).

The record also reflects that physical and sexual abuse of gay Ecuadorians occurs in "conversion therapy" clinics. However, such clinics are illegal, and Ecuador's former health minister oversaw the closure of more than 100 of them between 2012 and 2015. Those enforcement efforts demonstrate that such abuses would not be inflicted by the Ecuadorian government or by persons that the government is unable or unwilling to control, as necessary to establish persecution. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006). Further, the record indicates that victims are typically forced into these illegal clinics by relatives. Without credible evidence regarding Lalvay's particular circumstances, and with no evidence regarding the prevalence of such conduct among Ecuadorian families, the record does not compel the conclusion that Lalvay has a reasonable fear of this type of abuse.

In sum, Lalvay did not meet his burden for asylum because he did not present credible evidence that he suffered past harm or was at risk of being singled out for future harm, and he did not establish that there is a pattern or practice of persecution of gay men in Ecuador. *See* 8 U.S.C.

9

§ 1158(b)(1)(B); 8 C.F.R. § 1208.13(b)(1), (2). Because Lalvay failed to meet his burden for asylum, he "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court